IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PAUL W. TURTLE,  )
                 )
     Plaintiff,  )
                 )
v.               )   Case No. CIV-10-452-KEW
                 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
                 )
     Defendant.  )

**OPINION AND ORDER**

Plaintiff Paul W. Turtle (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally*, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on March 6, 1947 and was 63 years old at the time of the ALJ's decision. Claimant completed his high school education. Claimant worked in the past as a maintenance worker and operator of a poultry and dairy farm. Claimant alleges an

3

inability to work beginning December 31, 1994 due to post traumatic stress disorder ("PTSD") and depression.

### Procedural History

On June 2, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 15, 2010, an administrative hearing was held before ALJ Richard J. Kallsnick in Tahlequah, Oklahoma. On April 30, 2010, the ALJ issued an unfavorable decision on Claimant's applications. On September 27, 2010, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He determined that Claimant did not suffer from a medically determinable impairment.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in failing to comply with Soc. Sec. R. 83-20.

4

## Discussion

Claimant contends the ALJ failed to properly apply Soc. Sec. R. 83-20 concerning the determination of an onset date. The ALJ determined that Claimant did not meet his burden at step two to demonstrate he had a medically determinable impairment from the alleged onset date of December 31, 1994 through the date of last insured status of December 31, 1999. (Tr. 18-19). The ALJ found no evidence of Claimant's alleged PTSD and depression existed prior to June of 2002. (Tr. 19).

The medical evidence introduced in this case demonstrates that Claimant was previously in the military and served in Vietnam in 1967 and 1968. On June 26, 2002, Dr. Richard Heckman evaluated Claimant for depression when he began experiencing anger issues. Claimant told Dr. Heckman he developed depression "years ago." (Tr. 296). Dr. Heckman diagnosed Claimant with "possible ptsd," stating he should undergo a more thorough examination by a psychotherapist, major depression, moderate, recurrent, with psychotic features. (Tr. 297).

On August 1, 2002, Claimant was evaluated by Dr. Ford E. Welbourne. While in the military, Claimant reported he had a typical combat infantry tour of duty with the accompanying typical exposure to multiple traumatic events of sufficient frequency and

5

intensity to have produced a potential PTSD. Dr. Welbourne found Claimant's very unstable vocational history was consistent with his PTSD symptoms. (Tr. 277). Claimant reported intrusive memories, a history of some nightmares, avoidance behaviors, reminders of his service in Vietnam, insomnia and anger issues. Dr. Welbourne diagnosed Claimant with PTSD, chronic with a GAF of 41. (Tr. 278).

In a note from October 7, 2003, Dr. Welbourne recited Claimant's treatment history for PTSD and stated he "has a long history (dating back to the 1970's) of symptomology . . . resulting from combat exposure in Vietnam." Dr. Welbourne found Claimant suffered from chronic PTSD which "without a doubt has negatively affected his ability to function at a fully optimal level in life. He suffers from low initiative, major depression, and lack of flexibility to tolerate the stressors of gainful employment." (Tr. 252). Dr. Welbourne concluded Claimant was "unemployable for VA rating purposes." (Tr. 253).

On November 13, 2003, Dr. Deborah S. Jennings, who had evaluated Claimant, found his PTSD related to his military service in 1967 and 1968. She diagnosed Claimant with PTSD, chronic and severe and considered him totally disabled by this condition since his military service. (Tr. 466-67).

Claimant first contends the ALJ should have engaged the services of a medical advisor in order to infer Claimant's onset

6

date in accordance with Soc. Sec. R. 83-20 since no medical evidence exists in the record before the date of last insured. Soc. Sec. R. 83-20 provides that the determination of the onset date depends, in part, upon whether the disability occurs from a traumatic or non-traumatic origin. In cases of traumatic origin, the onset date is typically the date of the injury if the individual is expected to die or be unable to engage in substantial gainful activity (or gainful activity) for 12 continuous months as a result of the injury. If the disability occurs from non-traumatic origin, the ALJ is to consider the onset date alleged by the individual, the work history, and the medical evidence. In the case of a disability with a non-traumatic origin, medical evidence is the "primary element" for determining the onset date. However, when the medical evidence is inadequate, the ALJ may infer the onset date. The ALJ first must employ a medical advisor.

The ALJ in this case proceeded to step two in the sequential evaluation and stopped. While he recognized the medical records from 2002 which indicated the presence of Claimant's PTSD condition, he simply concluded the evidence did not relate to the relevant period and that no medical evidence existed prior to 2002. (Tr. 19). This is an inadequate evaluation. Defendant first contends that Soc. Sec. R. 83-20 does not apply to a case where the ALJ failed to find an impairment and disability and it is only

7

necessary to determined the onset date. This reasoning is without legal foundation in this Circuit and makes no logical sense. Under this reasoning, an ALJ who chooses to end the sequential evaluation prematurely precludes a claimant from later arguing a progressive condition relates back before the expiration of the date of insured status. The medical evidence that existed in this case consistently stands for the proposition that Claimant's PTSD was chronic, severe, and existed from the traumatic events which occurred to him during his military service in Vietnam. The ALJ should be required to employ a medical advisor to determine as definitively as possible if Claimant's condition existed during the relevant period. After obtaining this information, the ALJ shall evaluate Claimant's impairment and disability in light of the opinion evidence in the record and proceed with the sequential evaluation to the end.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent

with this Opinion and Order.

DATED this 22nd day of March, 2012.

*/s/ Kimberly E. West*
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE